**Opinion filed May 27, 2016**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00165-CR

_____

## RONNIE DALE WALKER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 19306B**

### M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court convicted Ronnie Dale Walker of the offense of continuous sexual abuse of a child and assessed his punishment at confinement for life. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief, a copy

of the motion to withdraw, a copy of the appellate record, and a motion for pro se access to the appellate record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief.[1] We note that Appellant has not filed a response to counsel's brief.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record. No pretrial motions were filed, and only four trial objections went against Appellant. None of those is an arguable ground for appeal. Moreover, Appellant admitted in a videotaped statement and in his testimony at trial that he had had inappropriate sexual relations with the victim. Appellant disputed the victim's allegation that he began having sexual intercourse with her when she was ten years old; Appellant testified that the victim was thirteen years old when the sexual contact began and that it only happened fifteen to twenty

---

[1]This court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

times. Pursuant to the statute under which Appellant was convicted, the victim need only be younger than fourteen years of age when the sexual abuse occurred. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2015). We note additionally that the effectiveness of trial counsel was not challenged in a motion for new trial and that the record on direct appeal is undeveloped as to any failings of trial counsel. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). Based upon our independent review of the record, we agree with appellate counsel that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


May 27, 2016

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.